IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| COLONY SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:12-cv-593 ) |
| TOMBERLIN, YOUNG & FOLMAR INSURANCE GROUP, INC. d/b/a SOUTH CENTRAL AGENCY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT FOR DECLARATORY JUDGMENT AND RESCISSION

Colony Specialty Insurance Company ("Colony") files this Complaint for Declaratory Judgment and Rescission against Tomberlin, Young & Folmar Insurance Group, Inc. d/b/a South Central Agency ("South Central"). Colony respectfully alleges and avers upon information and belief as follows:

### PRELIMINARY STATEMENT

1. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201 and Rule 57, *Federal Rules of Civil Procedure*, to determine an actual case or controversy between Colony and South Central regarding the parties' rights and obligations with respect to Insurance Professionals Errors and Omissions Liability Insurance Policy No. IIA11228 0 issued by Colony to South Central for the period June 14, 2010 to June 14, 2011 (the "Policy").[1]

2. Colony seeks a judgment declaring that the Policy issued to South Central may be rescinded under Alabama Code §27-14-7 because the Policy application contains material

---
[1] A true and correct copy of the Policy is attached hereto as Exhibit A.

misrepresentations. Because the Policy should be rescinded and is void ab initio, Colony also seeks a judgment declaring that it has no further duty to defend or pay any insurance proceeds under the Policy in connection with a lawsuit styled *Auto-Owners Ins. Co. v. Tomberlin Young & Folmar Ins. Co. d/b/a South Central Agency, et al.*, pending in the United States District Court for the Middle District of Alabama (Case No. 2:11-CV-00468-WHA-SRW) (the "*Auto-Owners* Lawsuit").

## PARTIES

3.     Colony is a corporation organized and existing under the laws of the State of Virginia with its principal place of business located in Richmond, Virginia.

4.     South Central is a corporation organized and existing under the laws of the State of Alabama located at 1831 East Three Notch Street, Andalusia, Alabama 36420.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §1332 because there is diversity of citizenship among the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest, attorneys' fees and costs.

6.     Venue is proper in the United States District Court for the Middle District, Northern Division of Alabama because the Policy was issued and delivered in this District and Division.

## GENERAL ALLEGATIONS

### Pennsylvania Indictment and Admissions

7.     Exhibits A through E referenced herein are attached and are intended to be fully incorporated into this Complaint.

2

1525261_1

8. On November 18, 2010, Harold W. Young, John S. Tomberlin and six others were indicted by the U.S. Attorney's office for the Eastern District of Pennsylvania regarding a loan fraud scheme.[2] Tomberlin and Young are owners and officers of South Central.

9. The loan fraud scheme allegedly caused Equipment Finance, LLC ("EFI") to sustain $53 million in losses. EFI is a Pennsylvania logging industry lender, which provides funding for the purchase of forestry and land clearing equipment.

10. The indictment alleges that from 2001 through 2007, Tomberlin and Young engaged in systematic fraud at EFI, colluding to steal money from EFI's accounts and falsifying its books. Tomberlin and Young allegedly assisted EFI employees in creating numerous false loans, forging EFI loan documents and auditor confirmation letters, and paying nominal borrowers to sign false EFI loan documents.

11. On August 15, 2011, Tomberlin entered a guilty plea regarding his involvement in the EFI fraud scheme between 2001 and 2007.[3] Tomberlin pleaded guilty to charges of conspiracy, mail fraud, money laundering, and conspiracy to commit money laundering.

### The *Auto-Owners* Lawsuit

12. In July 2010, Auto-Owners Insurance Co. ("Auto-Owners") filed suit against South Central. Tomberlin and Young were subsequently added as defendants.[4]

13. The *Auto-Owners* Complaint alleges that in 2004 and 2005, South Central entered into an agreement with Auto-Owners authorizing South Central to receive applications for surety bonds and to bind such coverage on behalf of Auto-Owners. In this capacity, South Central submitted insurance applications to Auto-Owners on behalf of S&S Construction to procure a $1.2 million construction bond in January 2007. The bond was to insure S&S's work for Dick

---

[2] A copy of the indictment is attached as Exhibit B.
[3] A copy of the United States' Change of Plea Memorandum is attached as Exhibit C.
[4] A copy of the Complaint in the *Auto-Owners* Lawsuit is attached as Exhibit D.

3

Corporation in connection with a Naval Air Station project in Pensacola, Florida (the "Project"). Auto-Owners issued the bond on January 10, 2007.

14. The *Auto-Owners* Complaint alleges that when South Central requested the bond from Auto-Owners, it knew S&S was in default on several subcontracts. The Auto-Owners Complaint also alleges South Central was aware that S&S had been unable to pay its material suppliers or payroll. South Central allegedly failed to disclose these defaults to Auto-Owners.

15. Thomas E. Froman, an Assistant Vice President in Auto-Owners' legal department, has testified that Shelby Gardner (a Dick Corp. employee) and Tomberlin met in August 2007 to discuss the status of the Project. Froman testified that during the meeting Gardner stated he was prepared to declare S&S in default on the project, but Tomberlin urged Gardner not to disclose the default to Auto-Owners.[5]

16. Froman testified further that Tomberlin and Young were aware of defaults on two masonry contracts in connection with the Project in 2006, yet did not communicate these defaults to Auto-Owners.

17. In March 2011, Auto-Owners paid $1,156,000 to Dick Corp. to settle its claim on the construction bond, prompting the *Auto-Owners* lawsuit against South Central, Young and Tomberlin.

### THE POLICY

18. Colony issued the Policy to South Central for the period June 14, 2010 to June 14, 2011.

19. Section I.A. of the Policy provides Colony "will pay on behalf of the Insured 'damages' that the Insured becomes legally obligated to pay because of 'claims' made against

---

[5] A copy of Thomas E. Froman's Deposition, in pertinent part, is attached as Exhibit E.

4

the Insured for 'wrongful acts' arising out of the performance of 'professional services' for others."

20. Section I.B. of the Policy provides that the insurance applies to a "wrongful act" only if, prior to inception of the Policy, "no Insured had knowledge of such 'wrongful act' and had no basis to reasonably anticipate a 'claim' that would be covered by [the] Policy." Section I.B. further provides that "prior knowledge of a 'wrongful act' includes, but is not limited to, any prior 'claim' or possible 'claim' or circumstance referenced in the 'application.'"

21. Condition L. of the Policy, entitled Application, provides:

> The statements in the "application" are representations of the Insured and are deemed material to the underwriting and acceptance of coverage by us. This Policy is issued in reliance on the accuracy of such representations.
>
> By acceptance of this Policy you agree that all of the information and statements provided to us by you are true, accurate and complete. This Policy has been issued in reliance upon the truth and accuracy of those representations.
>
> No concealment, misrepresentation or fraud shall avoid or defeat recovery under this Policy unless such concealment[,] misrepresentation or fraud was material. Concealment, misrepresentation or fraud in the procurement of this Policy which if known by us would have led to refusal by us to make this contract or provide coverage for a 'claim' hereunder will be deemed material.

22. South Central submitted an Argo Pro Insurance Professionals Errors and Omissions Liability Application for Claims Made and Reported Coverage, which is dated June 11, 2010, to Colony (the "Application"). Question 26. of the Application asks whether anyone seeking coverage has "knowledge of any actual or alleged act, error, or omission or circumstance that may result in a claim being made?" South Central responded "no" to this question.

23. The Application also includes a warranty provision, which provides that the insured "represents that all statements are true, complete, and accurate and that there has been no

5

1525261_1

suppression or misstatement of fact and agrees that this application shall be the basis of coverage." The Application continues that the "information contained in and submitted with this application... will become a part of any policy issued by the company" if physically attached thereto.

24. Section 27-14-7 of the Alabama Code provides, in relevant part:

> (a) All statements and descriptions in any application for an insurance policy..., or in negotiations therefor, by, or in behalf of, the insured... shall be deemed to be *representations and not warranties. **Misrepresentations, omissions, concealment of facts and incorrect statements shall not prevent a recovery under the policy or contract unless either***:
>
> ***(1) Fraudulent;***
>
> ***(2) Material*** *either to the acceptance of the risk or to the hazard assumed by the insurer;* ***or***
>
> ***(3) The insurer in good faith would either not have issued the policy... or would not have issued a policy... at the premium rate as applied for, or would not have issued a policy or contract in as large an amount or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been made known to the insurer*** *as required either by the application for the policy... or otherwise.*

(emphasis added).

25. Tomberlin and Young were indicted by the U.S. Attorney's office for the Eastern District of Pennsylvania in connection with their alleged involvement in a loan fraud scheme. Tomberlin has admitted to engaging in mail fraud, money laundering, and conspiracy to commit money laundering between 2001 and 2007. Therefore, fraudulent and material misrepresentations were made in the Application, as South Central stated on the application that it had no "knowledge of any actual or alleged act, error, or omission or circumstance that may result in a claim being made."

6

1525261_1

26.     The allegations of the *Auto-Owners* Complaint indicate that Tomberlin and Young misled Auto-Owners in 2007 in order to procure S&S's construction bond, as Tomberlin and Young were aware that S&S was in default on several subcontracts. As such, South Central misrepresented in the Application that it had no "knowledge of any actual or alleged act, error, or omission or circumstance that may result in a claim being made."

27.     Had Colony known the true facts at the time of the Application in June 2011 regarding South Central's involvement in the loan fraud scheme between 2001 and 2007 and/or South Central's alleged misrepresentations to Auto-Owners in 2007 with respect to S&S's construction bond, it would not, in good faith, have issued the Policy to South Central.

## DECLARATORY RELIEF

28.     The allegations of Paragraphs 1-27 are incorporated by reference herein.

29.     An actual, present and existing controversy has arisen between Colony and South Central regarding whether the Policy should be rescinded because of South Central's misrepresentations in the Application.

30.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, Colony seeks a judicial declaration of its rights and duties to South Central, if any, under the Policy. Specifically, Colony seeks a declaration that the Policy should be rescinded under Alabama Code §27-14-7 and void ab initio because South Central made fraudulent and material misrepresentations in the Application. Furthermore, Colony seeks a judgment declaring that it has no duty to defend or pay any insurance proceeds under the Policy in connection with the *Auto-Owners* Lawsuit.

31.     In addition to the policy provisions addressed herein, Colony pleads all other conditions, terms, warranties, limits, definitions and exclusions of the Policy that also may apply

to this matter. Colony reserves the right to amend its Complaint for Declaratory Judgment and Rescission as additional and/or more specific information becomes available.

**WHEREFORE**, for the foregoing reasons, Colony respectfully requests that this Court enter a judgment declaring the rights, status and obligations of the parties under the Policy, including a declaration that the Policy should be rescinded and void ab initio under Alabama Code §27-14-7 and also that Colony may be relieved from any obligation to provide further defense or indemnity coverage to South Central in connection with the *Auto-Owners* Lawsuit.

Dated this 5th day of July, 2012.

/s/ *[signature]*
Stephen E. Whitehead (WHI066)
Mark E. Tindal (TIN010)
Jennifer W. Wall (WAL209)
William J. Nielsen (NIE012)
***Attorneys for Colony Insurance Company***

**OF COUNSEL:**

**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
*t*: (205) 967-8822
*f*: (205) 967-2380


Please Serve Defendants via Certified Mail:

**TOMBERLIN, YOUNG & FOLMAR INSURANCE GROUP, INC. D/B/A SOUTH CENTRAL AGENCY**
1831 East Three Notch Street
Andalusia, Alabama 36420