IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| COLONY SPECIALTY INSURANCE COMPANY | ) | No. 2:12-CV-00593-MEF-SRW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOMBERLIN, YOUNG & FOLMAR INSURANCE GROUP, INC. d/b/a SOUTH CENTRAL AGENCY, | ) ) ) | |
| | ) | |
| Defendant. | | |

## MOTION TO INTERVENE AS A DEFENDANT UNDER RULE 26

**COMES NOW** Auto-Owners Insurance Company (hereinafter "Auto-Owners") and moves this Court for leave to intervene as a Defendant in this action and to file the attached answer.  Auto-Owners sets forth the following grounds in support of this motion, to wit:

1. Auto-Owners Insurance Company is a mutual insurance company formed and organized under the laws of the State of Michigan with its principal place of business in the State of Michigan.  Auto-Owners Insurance Company is not organized in or formed in the states of Alabama or Virginia.  Auto-Owners Insurance Company does not have its principal place of business in the states of Alabama or Virginia.

2. Plaintiff Colony Insurance Specialty Company has filed the above styled declaratory judgment action seeking a declaration that a policy of liability insurance issued to South Central Agency should be rescinded under §27-14-7 ALA. CODE (1975) for alleged misrepresentation in the application, and specifically asking the Court to declare that Plaintiff Colony has no further duty to defend or to pay any insurance proceeds under the policy in connection with the lawsuit styled: *Auto-Owners Insurance Company v. Tomberlin, Young &*

*Folmar Insurance Company d/b/a South Central Agency, Harold Young and John Tomberlin,* pending in the United States District Court for the Middle District of Alabama (Case No. 2:11-CV-00468-WHA-SRW) (the "*Auto-Owners* Lawsuit").

3.     The complaint in this case alleges Auto-Owners Insurance Company is a tort claimant who has filed tort claims against South Central Agency, and also John Tomberlin (Tomberlin) and Harold Young (Young); and the liability insurance policy insuring the Defendant, Tomberlin and Young is the very insurance policy for which Plaintiff Colony seeks rescission and/or a declaration that there is no insurance coverage owed for the *Auto-Owners* lawsuit.

4.     Based on both Alabama and Eleventh Circuit precedent, Auto-Owners as a tort claimant is an indispensable and necessary party in the above styled declaratory judgment action involving liability insurance coverage. *American Safety Casualty Insurance Company v. Condor Associates Ltd.*, 129 Fed. Appx 540 (11th Cir. 2005) (which was following the old 5th Circuit case of *Ranger Insurance Co. v. United Housing of New Mexico*, 488 F.2d 682 (5th Cir. 1974); *Andalusia Enterprises, Inc. v. Evanston Insurance Company,* 487 F. Supp 2d. 1290, 1294 (N.D. Ala. 2007) *Earnest v. State Farm Casualty Co.*, 475 F. Supp 2d. 1113 (N.D. Ala. 2007); *McDaniel v. Harleysville Mutual Insurance Company,* 84 So.3d. 106, 112 (Ala. 2011) (holding a judgment declaring that an insurer was not required to indemnify the insured in a preceding to which the insured party was not a party could not preclude an injured party from litigating the insurers[1] liability); *American Auto Insurance Company v. English*, 266 Ala. 80, 94 So.2d 397, 399 (1957) (in this class of cases where the insurance company seeks to escape responsibility and to be relieved of the duty of defending, … the injured parties in such automobile accident,

---

[1] Defendant Harold Young (Young) and John Tomberlin (Tomberlin) are officers of Defendant South Central Agency, and are also insured under the Policy. Young and Tomberlin are also probably required parties under Fed. R. Civ. P. 19.

the insured and all insurance companies are necessary parties and declaratory relief will not be granted until they are made [parties] in such a case); *State Farm Mutual Auto Insurance Company v. Sharpton,* 259 Ala. 386, 66 So.2d 915, 917 (1953) (holding that injured parties who had instigated actions against the insured were necessary parties when the insurer saw the declaratory judgment that it was not liable for any judgment rendered in the actions against the insured).  Also, §6-6-227 ALA. CODE (1975), the Alabama Declaratory Judgment Act, provides: "All persons shall be made parties who have, or claim, any interest which would be affected by the declaration".

5. Auto-Owners Insurance Company's is also a necessary party because §27-23-2 ALA. CODE (1975) gives rise to a lien or vested interest on the part of the injured party by way of hypothecation of the amount due under the terms of the policy.  See *Fleming v. Pan Am. Fire & Cas. Co.,* 495 F.2d 535, 539-540 (5th Cir. 1974).  Even though this remedy provided by statute can only be exercised after the injured party has recovered judgment against the insured, the interest is a vested interest that cannot be discharged unless the injured party is a party to the lawsuit.

6. Based on the Alabama and Federal court precedent cited above, Auto-Owners has an interest relating to the insurance policy that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede Auto-Owners' ability to protect its interest, and the existing parties do not adequately protect its interest.  Therefore, Auto-Owners has a right to intervene as of right under FED. R. CIV. P. 24(a)(2).

7. Alternatively, Auto-Owners has a right to permissive intervention under FED. R. CIV. P. 24(b)(1)(B) because it has a claim or defense that shares with the main action a question of law or fact.

8. Auto-Owners Insurance is also a required party pursuant FED. R. CIV. P. 19(a) and joinder will not deprive the Court of subject matter jurisdiction.

9. This motion to intervene has been timely filed by Auto-Owners, and the intervention will not unduly delay or prejudice the adjudication of the original parties rights.

10. Auto-Owners Insurance Company has attached to this motion its proposed answer which it will file if the Court grants this motion to intervene.

**WHEREFORE,** these premises considered, Auto-Owners Insurance Company respectfully requests that it be permitted to intervene in this action as a party defendant pursuant to FED. R. CIV. P. 24(a)(2).  Alternatively, Auto-Owners Insurance Company request permission to intervene pursuant to FED. R. CIV. P. 24(b)(1)(B).

Respectfully submitted this the 7th day of August, 2012,

/s/ Roger S. Morrow
**ROGER S. MORROW (MORRR4980)**

/s/Wesley Romine
**WESLEY ROMINE (ROMI3887)**
*Attorneys for Defendant/Intervener,*
*Auto-Owners Insurance Company*

OF COUNSEL:

MORROW, ROMINE & PEARSON, P.C.
P.O. Box 4804
Montgomery, Alabama 36103-4804
Telephone:   (334) 262-7707
Facsimile:   (334) 262-7742
Email:       rsmorrow@mrplaw.com
             wromine@mrplaw.com

**CERTIFICATE OF SERVICE**

  I hereby certify that I have served a copy of the above and foregoing document upon the following parties or attorneys electronically through the Court's CM/ECF system on this the 7th day of August, 2012:

Stephen E. Whitehead
Mark E. Tindal
Jennifer W. Wall
William J. Nielsen
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama 35223
Telephone: 205-967-8822
Facsimile: 205-967-2380
*Attorneys for Plaintiff*

and upon the following by placing a copy of the above and foregoing document in United States Mail, postage prepaid, on this the 7th day of August, 2012:

Tomberlin, Young & Folmar Insurance Group, Inc. d/b/a South Central Agency
1831 East Three Notch Street
Andalusia, Alabama 36420

            /s/ Roger S. Morrow
            OF COUNSEL